## Case No. 13,739.

### In re TALLMAN.

[2 Ben. 348; 1 N. B. R. 462 (Quarto, 122); 1 Am. Law T. Rep. Bankr. 122.] [1]

District Court, S. D. New York.    April, 1868.

BANKRUPTCY—FRAUDULENT DEBT—DISCHARGE.

Where, in bankruptcy proceedings before the register, one of the creditors offered evidence to show that his debt was fraudulently contracted by the bankrupt, *held*, that the evidence was immaterial.

[Cited in Re Rosenfield, Case No. 12,058; Re Wright, Id. 18,065.]

[In the matter of Darius Tallman, a bankrupt.]

[Counsel for Joseph Hacker, one of the creditors, proposes to introduce witnesses to prove the nature of the transaction out of which his debt arose, and that the debt was contracted by fraud, for the purpose of showing that this debt cannot be discharged under these proceedings. James M. Smith, Attorney for Joseph Hacker. April 1, 1868.

[The bankrupt, Darius Tallman, objects that such inquiry is irrelevant; that the question cannot arise in these proceedings; that such a debt is not discharged, and can be collected notwithstanding such discharge; and that such question can only arise when it is undertaken to collect such debt after the discharge is granted. Warren G. Brown, Attorney for Bankrupt.

[It is conceded that the debt referred to, and the fraud alleged by the creditor, was so contracted, and that the alleged fraud took place in the year 1864, and that the debt is in judgment. Warren G. Brown, Attorney for Bankrupt. James M. Smith, Attorney for Creditor. April 1, 1868.][2]

By THE REGISTER:

[Southern District of New York, ss.: I, Isaac Dayton, one of the registers in said court of bankruptcy, do hereby certify that, in the course of the proceedings in said cause before me, the foregoing question arose before me pertinent to the said proceedings and was stated, and agreed to, by the counsel for the opposing parties, as hereinbefore set forth, and the said parties requested that the same should be certified to the judge for his opinion thereon. Dated 6th April, 1868.

[The thirty-third section of the bankrupt act [14 Stat. 533], declares "that no debt created by the fraud of the bankrupt shall be discharged under the act, but the debt may be proved and the dividend thereon shall be a payment on account of the said debt." The fact that the debt was created by fraud does not therefore constitute a ground of opposition to the discharge of the bankrupt; and as the examination of the bankrupt is for the purpose of ascertaining whether or not the bankrupt is entitled to a discharge under the act, evidence of fraud in the creation of the debt is not admissible.] [2]

BLATCHFORD, District Judge. The register is correct in his view. The clerk will certify this decision to the register, Isaac Dayton, Esq.

